IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES FRADY                                                            PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 1:09cv336-RHW

HARRISON COUNTY, MS
MELVIN T. BRISOLARA
DONALD A. CABANA
MICHAEL DICKEY, Officer # 259                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is the plaintiff's civil rights complaint filed June 4, 2009 pursuant to 42 U.S.C. § 1983. On July 22, 2009, the Court conducted a hearing pursuant to 28 U.S.C. §1915A[1] to examine the allegations contained in Plaintiff's complaint. At the hearing, the Plaintiff and the Defendants consented to the exercise of jurisdiction by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, and the case was reassigned to the undersigned for all further proceedings. Doc. [24]. After considering the complaint and hearing from Plaintiff, the Court is of the opinion that Plaintiff has failed to state a constitutional claim.

The Facts

In his complaint, Frady alleges officials at the Harrison County jail failed to protect him from two separate attacks by two different inmates, on separate dates. Frady testified he was arrested in April 2008 for possession of a controlled substance for which he has since been

---

[1] 28 U.S.C. §1915A Screening.
  (a) Screening.
     The Court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

indicted, but not yet been tried. He bonded out on the possession charge, but was re-arrested in July 2008 on charges of kidnaping and sexual battery, though he bonded out on those charges as well. On January 6, 2009 he was arrested for robbery, for which he has not yet been indicted. Upon being booked into the Harrison County Adult Detention Center on January 6, 2009, Frady requested that he be placed in protective custody (PC) because, according to his testimony, he had a severe drug problem prior to incarceration, and had "ripped off a bunch of drug dealers" who were in the jail. Frady was placed in PC on January 7, 2009. He was assigned to D Block, Zone E, which houses protective custody and medical inmates.

On May 2, 2009, as inmates from Frady's zone came in from yard call, inmate Brenillus Duckworth came up behind Frady and hit him in the jaw. Frady testified he and Duckworth had been in the same zone for approximately three weeks without incident. Frady had played basketball with Duckworth and had no conflict with him prior to the assault. Officer Michael Dickey, the officer on duty in the zone at the time of the incident, was returning a prisoner to a cell upstairs when Duckworth hit Frady. Frady testified Duckworth was not one of the drug dealers he had burned, that he didn't "know him from Adam." Frady testified that inmate Raymond Leon Turner, who was housed in another zone of the jail, was one of the drug dealers he burned, and that Turner paid Duckworth to attack him. Frady stated "in all honesty" he would not say there was any way the officers could have known Duckworth was going to hit him.

Frady testified that on May 27, 2009, as he came out of the shower and walked past the door to Jose Hernandez's cell, Hernandez hit him. In his complaint, Frady alleges he had never seen Hernandez before, and he testified he has no idea why Hernandez hit him. Frady further testified there was no way jail officers would know that Hernandez was going to hit him.

**Failure to Protect**

A pretrial detainee is protected by the Due Process Clause from deliberate exposure to violence and injury at the hands of other inmates. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16, 99 S.Ct. 1861, 1872 n.16, 60 L.Ed.2d 447 (1979). To prevail on a claim for failure to protect under 42 U.S.C. § 1983, Frady had to show he was "incarcerated under conditions posing substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998) (citing *Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995)).

> In order to act with deliberate indifference, 'the official must both be aware of facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference.'

*Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994)). Mere negligent failure to protect a pretrial detainee from attack does not justify liability under section 1983. *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986).

In his own pleadings and testimony, Frady stated he had no problem with either Duckworth or Hernandez before they hit him. Frady conceded in the omnibus hearing that the Defendants also had no way of knowing that either Duckworth or Hernandez was going to assault him. The Court therefore finds that Frady has failed to state a constitutional claim for failure to protect, and judgement will be entered dismissing this case with prejudice.

SO ORDERED, this the 28th day of July, 2009.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE